UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CHRISTINE GILLESPIE,

                              Plaintiff,

          v.

MR. CLIFFORD JANEY, individually and in
his capacity as State District Superintendent,
N.P.S., MR. RONE HALE, individually and
in his capacity as Risk Manager, N.P.S., MR.
PERRY LATTEBOUDERE, ESQ.,
individually and in his capacity as counsel,
N.P.S., MS. CHERRIE ADAMS,
individually and in her capacity as counsel,
N.P.S.,

                              Defendants.

Civil Action No. 2:09-cv-00885
(SDW) (MCA)


**OPINION**


March 5, 2010

          Before the Court is Defendants' Motion to Dismiss the Complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6) and Plaintiff's Motion for Leave to File

Amended Complaint pursuant to Federal Rule of Civil Procedure 15. This Court has

jurisdiction pursuant to 28 U.S.C. § 1332(a). Venue is proper in accordance with 28

U.S.C. § 1391(a). This Court, having considered the parties' submissions, decides this

matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the

reasons stated below, this Court **grants** Defendants' motion to dismiss and **denies**

Plaintiff's motion to amend the complaint.

**FACTUAL AND PROCEDURAL BACKGROUND**

          Plaintiff, pro se, filed the original complaint on February 26, 2009, stating the

following as the cause of action:

          The defendants' breach of contract between Newark Public Schools and
          the Newark Teachers Union, as well as their violations of Plaintiff's

1

substantive and procedural due process rights under the [Fourteenth] Amendment; violations of Plaintiff's [First] Amendment rights; violations of her rights under the A.D.A. and A.D.E.A.; the denial of Plaintiff's legislatively promised statutory tenure rights as well as the discriminatory and disparate treatment Plaintiff has endured are the bases for the cause of action of this complain[t]. [1]

Defendants were granted leave to file a motion to dismiss in lieu of an answer and filed the motion on July 31, 2009.  Plaintiff filed a motion to amend the complaint on October 14, 2009.  The Proposed Amended Complaint lists twelve counts principally alleging violations of 42 U.S.C. § 1983 and seeks to add the following parties as defendants: Newark Public Schools, Ann Marie McGoldrick, Marion Bolden, Kathleen Duncan, Lucille Davy, and Josephine Hernandez.

In the amended complaint, Plaintiff alleges that Perry Latiboudere[2] delivered a Notice of Proposed Action to her on December 31, 2002[3], informing her that that the "Board" had filed tenure charges against her pursuant to N.J. Stat. Ann. § 18A:6-11 for "absence without leave/abandonment of position, and/or incapacity."  Plaintiff responded to these charges on January 7, 15, and 16, 2003, and acknowledges that she submitted a 160 page response to the charges.  On February 19, 2003, the State Operated School District of the City of Newark ("the District")  issued a Certificate of Determination stating that there was "probable cause to credit the evidence in support of the charges" against Plaintiff.  The District then issued a Personnel Action Notice on February 20, 2003, advising that "there is probable cause to credit the evidence in support of the charges" and that Bolden, the State District Superintendent, was certifying the charges

---

[1] Newark Public Schools was not included as a party in the original complaint filed on February 26, 2009, but was listed in the amended complaint filed on October 14, 2009.
[2] Defendant's name is spelled "Latteboudere" in the complaint but is signed as "Latiboudere" in the supporting documents.
[3] Plaintiff lists both December 30, 2001, and December 30, 2002, as the date of the notice and indicates that it was delivered to her the following day.  The actual letter is dated December 30, 2002.

against Plaintiff to the Commissioner of Education ("the Commissioner"). Another Certificate of Determination with language almost identical to that of the certificate dated February 19, 2003, was dated February 25, 2003. Both certificates were signed by Bolden. The tenure charges against Plaintiff were stamped received by the Commissioner on February 27, 2003, and are still pending resolution.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6) a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." *Perkins v. Wash. Mut.*, 655 F. Supp. 2d 463 (D.N.J. 2009). In deciding such a motion, a court "must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Max v. Republican Comm.*, 587 F.3d 198, 200 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). The complaint must assert facts that, when accepted as true, show that the legal allegations are plausible and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Scioli v. Goldman & Warshaw P.C.*, 651 F. Supp. 2d 273, 275 (D.N.J. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

Federal Rule of Civil Procedure 15(a) instructs the courts to freely grant leave to amend a complaint when justice so requires "in the absence of circumstances such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988); *see also* Fed. R. Civ. P. 15(a)(2). A motion to amend a complaint will be

denied as futile "if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Id.*

## DISCUSSION

### Tenure Claims

> N.J. Stat. Ann. § 18A:6-11 provides that:
>
> Any charge made against any employee of a board of education under tenure during good behavior and efficiency shall be filed with the secretary of the board in writing, and a written statement of evidence under oath to support such charge shall be presented to the board. The board of education shall forthwith provide such employee with a copy of the charge, a copy of the statement of the evidence and an opportunity to submit a written statement of position and a written statement of evidence under oath with respect thereto. After consideration of the charge, statement of position and statements of evidence presented to it, the board shall determine by majority vote of its full membership whether there is probable cause to credit the evidence in support of the charge and whether such charge, if credited, is sufficient to warrant a dismissal or reduction of salary. The board of education shall forthwith notify the employee against whom the charge has been made of its determination, personally or by certified mail directed to his last known address. In the event the board finds that such probable cause exists and that the charge, if credited, is sufficient to warrant a dismissal or reduction of salary, then it shall forward such written charge to the commissioner for a hearing pursuant to N.J.S. 18A:6-16, together with a certificate of such determination.

The Superior Court of New Jersey, Appellate Division has further clarified that although the language of this statute instructs that the district board of education shall determine whether probable cause exists for tenure charges, "that provision of the statute has been superseded in part by statutes that authorize the State to operate certain school districts and empower the State district superintendent to make the probable cause determinations required by [N.J. Stat. Ann. §] 18A:6-11 in certain circumstances." *Gillespie v. Dep't of Educ.*, 938 A.2d 184, 187 (N.J. Super. Ct. App. Div. 2008).

The Commissioner has "jurisdiction to hear and determine . . . all controversies and disputes arising under the school laws," with the exception of laws governing higher education.   N.J. Stat. Ann. § 18A: 6-9.  Under the Tenure Employees Hearing Act, local boards have jurisdiction only to hold preliminary review of any charges and certify the matter to the Commissioner who has the duty of conducting a hearing and rendering a decision on the charges. *In re Fulcomer*, 226 A.2d 30, 33-34 (N.J. Super. Ct. App. Div. 1967).   In New Jersey, the statutory remedy for disputes under school laws is administrative, rather than judicial, and thus the doctrine of exhaustion of remedies is applicable. *See Shepard v. Board of Educ.*, 207 F. Supp. 341, 348 (D.N.J. 1962). Determinations made by the Commissioner "in all controversies and disputes arising under the school laws shall be considered to be final agency action under the 'Administrative Procedure Act,'. . . and appeal of that action shall be directly to the Appellate Division of the Superior Court." N.J. Stat. Ann. § 18A:6-9.1.

Plaintiff argues that this Court should address the tenure charges against her as these charges "were processed in violation of the tenure hearing law, [N.J. Stat. Ann. §] 18A:6-11" leaving all further administrative action to be void.  This Court disagrees. Plaintiff was informed that tenure charges were being brought against her and she submitted a 160 page response in her own defense.  The state district superintendent then examined both the charges and her response and determined that probable cause existed to support the charges.  Finally the Certificate of Determination was forwarded to the Commissioner, who, to date, has not made a decision.  The record before this Court demonstrates that Defendants adhered to the statutes governing the administrative

procedure at this point. Further, since the administrative procedure has not been exhausted, Plaintiff's claims regarding her tenure charges are dismissed.

**Americans with Disabilities Act Claims**

In accordance with the Americans with Disabilities Act ("ADA"), a plaintiff must exhaust her administrative remedies, by filing a charge with the Equal Employment Opportunity Commission ("EEOC"), before bringing a civil action. *Phillips v. Sheraton Soc'y Hill*, 163 Fed. Appx. 93, 94 (3d Cir. 2005). If the EEOC does not resolve the charge within 180 days, the complainant may acquire a right-to- sue letter and initiate an ADA suit. *Id.* Non-exhaustion of administrative remedies constitutes a basis for dismissal for failure to state a claim. Fed. R. Civ. Pro. 12(b)(6); *Phillips v. Sheraton Soc'y Hill*, 163 Fed. Appx. at 94. Therefore since Plaintiff has not exhausted her administrative remedies available through the EEOC, all claims of violation of the ADA are dismissed.

**Age Discrimination in Employment Act Claims**

An Age Discrimination in Employment Act ("ADEA") complaint will be dismissed in accordance with Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies if an "EEOC charge was not filed within 180 or 300 days (depending on state law) of notification to the employee of the adverse employment action." *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 382-83 (3d Cir. 2007). As with the ADA claims, plaintiff here has not submitted ADEA claims to the EEOC and thus has not exhausted her administrative remedies. Therefore, any ADEA claims must also be dismissed.

**Workers' Compensation Claims**

"The Division of Workers' Compensation shall have the exclusive original jurisdiction of all claims for workers' compensation benefits . . . ." N.J. Stat. Ann. § 34:15-49. Appeals from a judgment issued by a judge of compensation regarding benefits may be taken directly to the Appellate Division of the Superior Court of New Jersey. N.J. Stat. Ann. § 34:15-66.

Plaintiff states that she is not requesting that this Court address any workers' compensation claims but that she is only seeking redress due to the constitutional violations that resulted from the workers' compensation process. Notwithstanding, as stated above, the Division of Workers' Compensation has exclusive original jurisdiction of all claims for workers' compensation benefits and appeals may be taken directly to the Superior Court of New Jersey, Appellate Division. Therefore, this Court is without jurisdiction and dismisses any workers' compensation claims in Plaintiff's complaint.

**Fraud Claims**

To overcome a motion to dismiss a claim of fraud, a plaintiff must establish a prima facie case of common law fraud by alleging sufficient fact that when accepted as true, show "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Port Liberte Homeowners Ass'n v. Sordoni Const. Co.*, 924 A.2d 592, 601 (N.J. Super. Ct. App. Div. 2007) (quoting *Gennari v. Weichert Realtors*, 691 A.2d 350, 367 (N.J. 1997)). The plaintiff must state the circumstances constituting fraud with particularity. *Bintliff-Ritchie v. Am. Reinsurance Co.*, 285 Fed. Appx. 940, 944 (3d Cir.

2008). The Third Circuit has explained "that this requirement may be satisfied by 'pleading the "date, place or time" of the fraud, or through "alternative means of injecting precision and some measure of substantiation into their allegations of fraud."'" *Id.* (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004)).

The statute of limitations for causes of action alleging fraud is six years from the time the action accrued. N.J. Stat. Ann. § 2A:14-1; *see also S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 425 (3d Cir. 1999). The cause of action accrues when the plaintiff becomes "aware of an injury and a causal relationship between the injury and an actor, but need not know that the conduct is tortious or legally wrongful." *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group*, Ltd., 181 F.3d at 425. The limitations period begins to run upon "discovery of the wrong or of facts that reasonably should lead the plaintiff to inquire into the fraud." *Id.*

In the Proposed Amended Complaint, Plaintiff alleges that Defendant Latiboudere "engaged in extrinsic fraud in his preparation of the fraudulent notice" of December 30, 2002, because in it he informed Plaintiff that the Board of Education "was the authority, initially imposing any discipline" when this was not the case. According to Plaintiff, Latiboudere engaged in fraud in order to prevent her from challenging "her statutory tenure rights." Plaintiff also claims, in her Proposed Amended Complaint, that individuals, including Adams, Latiboudere, Hale, Ruggero, and Bolden, committed fraud by falsely claiming that a pre-termination hearing was held prior to submission of the tenure charges to the Commissioner and by submitting fraudulent Certificates of

Determination[4] with two different dates.  The documents purported to be fraudulent were stamped received by the Commissioner on February 27, 2009.

Plaintiff does not allege fraud in the original complaint filed February 26, 2009. Even if this Court assumes that Plaintiff was not aware of facts that reasonably should have lead her to inquire into the fraud until February 27, 2003, the claims in the Proposed Amended Complaint, submitted October 14, 2009, would be within the statute of limitations and survive dismissal only if they "relate back" to the original complaint.

Federal Rule of Civil Procedure 15(c) is liberally construed "to allow amendments to relate back to the original pleading provided that the opposing party had notice of the claim and would not be prejudiced by the amendment." *Blatt v. Merrill Lynch, Pierce, Fenner & Smith*, 916 F. Supp. 1343, 1351 (D.N.J. 1996).  Courts inquire whether the general facts alleged in the complaint give the defendant adequate notice of the matters being raised in the amended complaint.  *Id.*  In doing so, an amended complaint will be permitted to relate back to the original complaint and thus deprive the defendant of a statute of limitations defense as long as the addition of new claims does not provide unfair surprise or prejudice. *Id.*

Here, Plaintiff did not provide sufficient facts in the original complaint to give notice of the claims of fraud to the individual Defendants.  This Court thus finds that permitting Plaintiff to amend her complaint to include claims of fraud would be prejudicial.

In addition, amendment would be futile as to any public entities.  The Tort Claims Act applies in cases involving a public entity.  N.J. Stat. Ann. § 59:8-3.  A plaintiff

---

[4] Plaintiff argues that the different dates on the Certificates of Determination, and the District's attendance records indicating that Bolden was in Louisiana on the date the certificates were signed are indications of a falsified signature.

9

seeking to file a common law intentional tort action against a public entity or public employee must submit a notice of claim to the public entity within ninety days of accrual of the claim. *Velez v. City of Jersey City*, 850 A.2d 1238, 1239, 1242 (N.J. 2004). The plaintiff then has two years from the time the notice of claim is filed to file suit. *Id.* at 1242. However, the Tort Claims Act does not apply to conduct of public employees that "constituted a crime, actual fraud, actual malice or willful misconduct." *Id.* at 1244. Plaintiff failed to file a notice of claim in accordance with the Tort Claims Act and thus any intentional tort actions against Defendant Newark Public Schools would be futile.

For these reasons, this Court will not permit Plaintiff to amend the complaint to include claims for fraud.

**1983 Claims**

"Title 42 U. S. C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . .'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). "Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued." *O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006). New Jersey statutes provide that "an action for injury to the person caused by wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." *Id.* (quoting *Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987)). A 1983 action "accrues when the plaintiff knows or should know that his or her constitutional rights have been violated." *Graff v. Kohlman*, 28 Fed. Appx. 151, 153 (3d Cir. 2002).

10

Plaintiff argues that the statute of limitations in this case should be tolled due to the continuing violations theory. "To prevail on a continuing violation theory, however, the plaintiff must show more than the occurrence of isolated or sporadic acts of intentional discrimination." *Jewett v. Int'l Tel. & Tel. Corp.*, 653 F.2d 89, 91-92 (3d Cir. 1981). The plaintiff must establish by a preponderance of the evidence a pattern or practice of intentional discrimination. *Id.* However, the continuing violation theory does not excuse the plaintiff from exhausting administrative remedies. *Metsopulos v. Runyon*, 981 F. Supp. 851, 858 (D.N.J. 1996).

Plaintiff does not allege a pattern or practice of intentional discrimination. Instead she states in the second claim of her Proposed Amended Complaint that her due process rights were violated because the "[t]he Personnel Action Notice, dated February 20, 2003. . . is a complete fabrication of reality" claiming that "Ms. Bolden was in the Newark School District providing Ms. Gillespie a hearing regarding her 160 page response and determining that tenure charges be filed against her."[5]

Here, Plaintiff became aware of the events that form the basis for her complaint in late 2002 and early 2003. Plaintiff became aware of the tenure charges against her in December 2002 and replied to these charges in January 2003. The Certificate of Determination was prepared and submitted to the Commissioner of Education in February 2003. Defendant argues that her due process rights were violated when in 2003, Defendants fraudulently stated that a pre-termination hearing had occurred. All of these documents and events were known to the defendant more than two years prior to the filing of her complaint. Thus, Plaintiff's 1983 claims are untimely and must be dismissed

---

[5] The Personnel Action Notice actually states that the State District Superintendent of the State Operated School District of the City of Newark "considered" the charges but does not explicitly state that a hearing was conducted.

11

by this Court since Plaintiff has not pleaded a pattern or practice of intentional discrimination that would toll the statute of limitations under the continuing violation theory.

**Breach of Contract Claims**

In order to prove breach of contract, a plaintiff must demonstrate that (1) a contract exists between the parties; (2) the defendant breached that contract; (3) the plaintiff suffered damages as a result of the breach; and (4) the plaintiff "performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). The statute of limitations for claims for breach of contract is six years. N.J. Stat. Ann. § 2A:14-1. "New Jersey courts 'have generally stated that a claim accrues, for statute of limitations purposes, on "the date on which the right to institute and maintain a suit" first arose.'" *Nat'l Util. Serv. v. Cambridge-Lee Indus.*, 199 Fed. Appx. 139, 142 (3d Cir. 2006) (quoting *County of Morris v. Fauver*, 707 A.2d 958, 971 (N.J. 1998)).

According to Plaintiff, "Defendants placed the District in Breach of Contract when they violated [N.J. Stat. Ann. §] 18A:6-11" causing the statute of limitations to commence to run on February 27, 2003, when "illegally filed tenure charges were received by the Office of Controversies and Disputes." Even if Plaintiff's claim that Defendants violated N.J. Stat. Ann. § 18A:6-11 and thus breached a contract between Plaintiff and Newark Public Schools is accepted as true, Plaintiff's claim was filed past the limitations period. The statute of limitations began to run in December 2002 when tenure charges pursuant to N.J. Stat. Ann. § 18A:6-11 were initiated and plaintiff was notified of the charges. The complaint was filed on February 26, 2009, over six years

12

from "the date on which the right to institute and maintain a suit" would have arisen. This Court therefore dismisses any claims of breach of contract.

**CONCLUSION**

Defendants' Motion to Dismiss is **granted** as to all claims and defendants. For the reasons states above, Plaintiff's proposed amended complaint would not survive a motion to dismiss and thus Plaintiff's Motion for Leave to File Amended Complaint is **denied** as futile.

s/Susan D. Wigenton, U.S.D.J.

Orig:      Clerk
Cc:        Madeline Cox Arleo, U.S.M.J.
           Parties